IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE TRACKING OF CELLULAR TELEPHONE (913) 543-0504, INCLUDING CELL SITE, TRIANGULATION, AND GPS | No. 14-SW-2112-DPR<br><br>(UNDER SEAL) |

## APPLICATION

Gary Milligan, Assistant United States Attorney, Western District of Missouri, (hereinafter "Applicant") hereby applies to the Court for an order authorizing the monitoring of mobile tracking device features on a AT&T CORPORATION cellular telephone, including any factory-installed Global Positioning System ("GPS") mobile tracking device and any other signaling information used to ascertain the physical location of the telephone, for a period of thirty days. In support of this application, I state the following:

1. The United States Drug Enforcement Administration is conducting a criminal investigation of Eric McClanahan and others as yet unknown, in connection with possible violations of 21 U.S.C. §§ 841(a)(1) and 846, that is, distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances. It is believed the subject of the investigation is using telephone number (913) 543-0504, (hereinafter the "Target Telephone"), a prepaid unsubscribed mobile telephone issued by AT&T Corporation, being used by Eric McClanahan in furtherance of the subject offenses.

2. Pursuant to 18 U.S.C. § 3117 and Rule 41 of the Federal Rules of Criminal Procedure, the Court is empowered to issue a warrant or other order for the installation or monitoring and use of a mobile tracking device. A "tracking device" is an "electronic or

mechanical device which permits the tracking of the movement of a person or object." 18 U.S.C. § 3117(b).

3. Cellular telephone companies may use a number of techniques to locate and monitor a cellular telephone's physical location, including but not limited to: (1) signaling information, such as cell site/sector location or information regarding strength, angle and timing of the caller's signal measured at two or more cell sites (triangulation); and (2) location transmissions from a factory-installed Global Positioning System ("GPS") mobile tracking device already present in the phone. Tracking this location information may require a cellular telephone company to initiate a signal, which is sent to the target telephone.

4. The United States submits, based on the Affidavit of DEA Task Force Officer Daniel P. Banasik, attached as Exhibit A to this Application, probable cause exists to believe tracking device information for the Target Telephone will lead to evidence in the investigation of the aforementioned federal criminal offenses. The Affidavit of TFO Banasik sets forth probable cause to believe the requested information pertaining to the location of the Target Telephone is relevant and material to obtaining evidence of the crime and identifying property used in committing the crime.

5. Applicant requests the Court issue an order directing AT&T Corporation to assist the DEA in monitoring the physical location of the Target Telephone using any means, including but not limited to, cell site/sector location; information regarding strength, angle and timing of the caller's signal measured at two or more cell sites (triangulation); and location transmissions from any factory-installed Global Positioning System ("GPS") mobile tracking device already present in the phone, and such assistance shall last for the thirty day period authorized by this order.

6. Applicant further requests the order direct AT&T Corporation, or any other cellular provider whose assistance may facilitate the execution of this order, to initiate any signals necessary to determine the physical location of the Target Telephone on the cellular provider's network, or with such other reference points as may be reasonably available, and the cellular telephone company monitor the location at such intervals and times as directed by the law enforcement agent serving this order;

7. Applicant further requests the authority to monitor the physical location of the Target Telephone and the order directing AT&T Corporation to disclose such physical location information: (a) extend to any time of the day or night, as required by agents of the DEA; (b) include monitoring of such transmissions from inside private residence or garages and other locations not open to the public or visual surveillance; (c) include monitoring of such transmissions in the event the Target Telephone leaves the Western District of Missouri, but remains within the United States; and (d) the location information be provided to the DEA contemporaneous upon request, or on a real-time basis.

8. Applicant further requests the order direct AT&T Corporation to provide any information, facilities, and technical assistance necessary to provide the information regarding the physical location of the Target Telephone, and the location monitoring occur unobtrusively and with a minimum of interference with the services accorded the persons with respect to whom the tracking is to take place, with reasonable compensation to be paid by the DEA for reasonable expenses incurred in providing such facilities and assistance.

9. Applicant further requests the order direct the authority to monitor physical location information be expressly limited to transmissions needed to ascertain the physical

3

location of the Target Telephone and expressly exclude the interception of the contents of any voice communications transmitted from the AT&T Corporation cellular service provided for the Target Telephone.

10. Applicant further requests the requested monitoring of mobile tracking device features permit the use of such tracking on any changed telephone number(s) subsequently assigned to an instrument bearing the same cellular device as the Target Telephone, or any changed cellular device subsequently assigned to the same telephone number as the Target Telephone, or any additional changed telephone number(s) and/or cellular device(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Telephone within the period authorized by this order.

11. Applicant further requests the Court delay service, required under Rule 41(f)(2)(C), for a period of 30 days from the date tracking ceases, as provided for in Rule 41(f)(3) and 18 U.S.C. § 3103a(b). Section 3103a(b) provides the Court may delay service of any notice required for a warrant or Court order if the Court finds "reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result..." In the instant case, as noted in the affidavit, the DEA is conducting an ongoing investigation of the criminal offenses. Notification within the initial 10-day period granted by Rule 41(f)(2)(C) would hamper and circumscribe the investigation by alerting the targets to the fact of the investigation. The Government understands if notification could not be conducted within the 30-day period granted in the order, the Government would have to request a further extension, pursuant to the statutory provisions cited above.

4

12. Applicant further requests the Court direct AT&T Corporation, its affiliates, officers, employees, and agents not to disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscribers for the Target Telephone, the occupant of said premises, the subscriber of the incoming calls to or outgoing calls from the Target Telephone, or to any other person, the existence of this order, in full or redacted form, the existence of physical location monitoring under the Court's order, or the underlying investigation, and further this application and order be SEALED.

WHEREFORE, IT IS REQUESTED the Court grant an order for a period of thirty (30) days authorizing the monitoring of mobile tracking device features on the Target Telephone, including cell site/sector location, information regarding strength, angle and timing of the caller's signal measured at two or more cell sites (triangulation), and location transmissions from a factory-installed GPS mobile tracking device installed in the Target Telephone.

IT IS FURTHER REQUESTED the order direct AT&T Corporation to provide throughout the duration of the order, as directed by agents of the DEA, any information necessary to ascertain the physical location of the Target Telephone and directing location information and GPS transmissions (a) be provided any time of the day or night as required; (b) includes monitoring of such transmissions from inside private residence or garages and other locations not open to the public or visual surveillance; (c) includes monitoring of such transmissions in the event the Target Telephone leaves the Western District of Missouri, but remains within the United States; and (d) be provided on a real-time basis.

IT IS FURTHER REQUESTED service notification be delayed for 30 days, pursuant to Rule 41(f)(3) and 18 U.S.C. § 3103a(b).

Case 6:14-sw-02112-DPR   Document 1   Filed 10/09/14   Page 5 of 6

IT IS FURTHER REQUESTED this application and the Court's order be sealed and the order direct AT&T not disclose the existence of physical location monitoring under the Court's order, or the underlying investigation, to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By

Gary Milligan
Assistant United States Attorney

United States Attorney's Office
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

6